Jordain-Ortiz v. United States Of America            Doc. 2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 8 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VICTOR JORDAIN-ORTIZ, #08651-084,)<br>Petitioner, ) | Civil Action No. 7:05-cv-00343<br>Crim. No. 5:01-cr-30066-002 |
| v. ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, )<br>Respondent. ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Petitioner challenges the validity of his 2002 conviction and sentence for conspiracy to distribute cocaine base. In his petition, Jordain-Ortiz asserts that his sentence is constitutionally invalid, pursuant to a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Jordain-Ortiz's conviction became final more than one year ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final upon the expiration of the defendant's opportunity to pursue direct appeal remedies. See 28 U.S.C. § 2255 ¶ 6(1). The court entered final judgment against Jordain-Ortiz on July 30, 2002. Therefore, Jordain-Ortiz's conviction became final on August, 2002, when the ten-day period in which to file a notice of appeal expired. See Fed. R. App. Pro. 4(b)(1)(A)(i).

It appears that Jordain-Ortiz is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to

1

Dockets.Justia.com

28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In Booker, the Supreme Court merely applied the Blakely rule to the United States Sentencing Guidelines; the Court did not make the Blakely rule (or the Booker holding) retroactive to cases on collateral review. In addition, because Jordain-Ortiz did not appeal his sentence, it is clear that his claims would be procedurally barred, and petitioner has not demonstrated viable cause or prejudice to excuse his default. See Bousley v. United States, 523 U.S. 614, 621 (1998).

Jordain-Ortiz's petition is untimely. In addition, even if his claims were timely, the rule in Blakely does not apply retroactively to Jordain-Ortiz's case and his claims are procedurally defaulted. Therefore, the court must dismiss his petition. An appropriate order will be entered this day dismissing his petition.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5). The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 7th day of June, 2005.

*James C. Turk*
Senior United States District Judge